UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JENNIFER CHAMPAGNE, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:18-cv-03190 (VLB) |
| | : | |
| v. | : | |
| | : | |
| COLUMBIA DENTAL, P.C., | : | |
| | : | |
| Defendant. | : | March 16, 2020 |

## PARTIES' JOINT TRIAL MEMORANDUM

1. **TRIAL COUNSEL**

    **PLAINTIFF:**

    a.  James Sabatini, Sabatini & Associates, LLC, 1 Market Square, Newington, CT 06111, Tel: 860-667-0839, Fax 860-667-0867, email:

    jsabatini@sabatinilaw.com

    **DEFENDANT:**

    a.  Thomas A. Amato; 357 East Center Street, Manchester, CT 06040; telephone number: 860-643-0318; facsimile number: 860-643-2725; email address: Amatolaw@att.net

2.  **JURISDICTION**

    The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Title VII.

3.  **JURY/NON-JURY**

    This case is a jury trial.

4.  **LENGTH OF TRIAL**

Plaintiff estimates 2 to 3 days. Defendant estimates seven (7) days.

5. **FURTHER PROCEEDINGS**

None at this time for the plaintiff. The defendant may file a motion in limine. The defendant served on February 28, 2020 a notice of deposition for the audiovisual deposition of Dr. J. Robert Stanko for March 10, 2020.

6. **NATURE OF CASE**

Plaintiff brings the following causes of action: (1) hostile work environment based on sex in violation of Title VII. Plaintiff claims monetary damages and equitable relief.

7. **STATEMENT OF THE CASE**

Defendant Columbia Dental, P.C. employed Plaintiff Jennifer Champagne. Plaintiff worked as a dental assistant.

Defendant employs John Stanko, DMD, who is a dentist.

Ms. Champagne claims that Dr. Stanko sexually harassed her in the workplace.

Ms. Champagne seeks money to compensate her for her harms and losses.

Defendant denies Ms. Champagne's claim.

8. **TRIAL BY MAGISTRATE JUDGE**

Plaintiff agrees to a trial by a Magistrate Judge.

9. **LIST OF WITNESSES**

PLAINTIFF'S WITNESSES:

a. **Jennifer Champagne (Windsor Locks, CT) – Plaintiff will testify on the facts and circumstances set forth in her Complaint and on her harms and losses.**

**Estimated duration: 5 to 6 hours**

b. **John Stanko (defendant's employee) – Dr. Stanko will testify on his supervision of the plaintiff, his behavior in the workplace, defendant's policies, procedures and rules, the facts and circumstances set forth in plaintiff's Complaint, and the facts and circumstances he testified to during the course of his deposition.**

**Estimated duration: 5 hours**

c. **Jolanta "Jola" Ochrim (defendant's employee) – Ms. Ochrim will testify on defendant's policies, practices and rules, plaintiff's employment, Dr. Stanko's behavior in the workplace, the facts and circumstances set forth in plaintiff's Complaint, and the facts and circumstances she testified to during the course of her deposition.**

**Estimated duration: 2 hours**

c. **Tarah Jameson (defendant's employee) – Ms. Jameson will testify on defendant's policies, practices and rules, plaintiff's employment, Dr. Stanko's behavior in the workplace, the facts and circumstances set forth in plaintiff's Complaint, and the facts and circumstances she testified to during the course of her deposition.**

**Estimated duration: 3 hour**

**d.** Tarcie Larue, APRN (Hartford Medical Group) – Ms. Larue will testify on plaintiff's medical care and treatment for plaintiff's anxiety caused by the sexual harassment.
**Estimated duration 1-2 hours**

**e.** Crystal Holmes (defendant's employee) – Ms. Holmes will testify on plaintiff's employment, her employment with defendant, Dr. Stanko's behavior in the workplace and the facts and circumstances set forth in plaintiff's Complaint.
**Estimated duration: 1 hour**

**f.** Cintia Legault (defendant's employee) – Ms. Legault will testify on her employment with the defendant, Dr. Stanko's behavior in the workplace and the facts and circumstances set forth in plaintiff's Complaint.
**Estimated duration: 1 hour**

Plaintiff reserves the right to call any witness identified by the defendant.

**DEFENDANT'S WITNESSES**

The defendant may call the following witnesses, although not necessarily in the following order:

1. Raymond J. Belisle, Jr.; 56 Jacqueline Drive, Manchester, CT; this witness generally will address the application, hiring and suspension process regarding the plaintiff, including explaining her personnel file; the estimated duration of direct examination is approximately one hour.

2. Cintia M. Legault; R4 Saint Marc Circle, South Windsor, CT; this witness generally will address the application and hiring process regarding the

plaintiff, the reliance upon the DANB representation, and her discovery of non-certification; the estimated duration of direct examination is approximately one hour.

3. Alexander K. Michaud; R4 Saint Marc Circle, South Windsor, CT; this witness generally will address the arrangements to accommodate the plaintiff's non-certification, his monitoring of the plaintiff's testing status, and observations of Dr. Stanko; the estimated duration of direct examination is approximately one hour.

4. Dr. J. Robert Stanko; 505 Main Street, Wethersfield, CT; this witness generally will address his interactions with the plaintiff and controversion of the amended complaint; the estimated duration of direct examination is approximately three hours via audiovisual deposition or live testimony, depending on the trial dates.

5. Yolanta Ochrim; 50 Round Hill Road, Wethersfield, CT; this witness generally will address her interactions with the plaintiff, controversion of the amended complaint, and observations of Dr. Stanko; the estimated duration of direct examination is approximately two hours via either stenographic deposition transcript excerpts or live testimony, depending on the trial dates.

6. Tarah Jameson; 17 Barbonsel Road, East Hartford, CT; this witness generally will address her interactions with the plaintiff, controversion of the amended complaint, and observations of Dr. Stanko; the estimated duration of direct examination is approximately two hours.

7. Crystal Holmes; 658 Dickinson Street, Springfield, MA; this witness generally will address her interactions with the plaintiff, controversion of the amended complaint, and observations of Dr. Stanko; the estimated duration of direct examination is approximately one hour.

8. Tia M. G. Rosado; 8 Joseph Court, East Hampton, CT; this witness generally will address her interactions with the plaintiff, controversion of the amended complaint, and observations of Dr. Stanko; the estimated duration of direct examination is approximately one hour.

9. Joann Rosikiewicz; P.O. Box 557, Searsport, ME; this witness generally will address her interactions with the plaintiff, controversion of the amended complaint, and observations of Dr. Stanko; the estimated duration of direct examination is approximately one hour.

10. Shane Gaston-Woodard; New Haven, CT; this witness generally will address his interactions with the plaintiff and his observations of Dr. Stanko; the estimated duration of direct examination is approximately one-half hour.

11. Carmen Chase; New Haven, CT; this witness generally will address her interactions with the plaintiff and her observations of Dr. Stanko; the estimated duration of direct examination is approximately one-half hour.

12. Daniel Escalante; 483 Middle Turnpike West, Manchester, CT; this witness generally will address his interactions with the plaintiff and his observations of Dr. Stanko; the estimated duration of direct examination is approximately one-half hour.

**13. Ronald Escalante; 483 Middle Turnpike West, Manchester, CT;** this witness generally will address his interactions with the plaintiff and his observations of Dr. Stanko; the estimated duration of direct examination is approximately one-half hour.

**14. Olga A. Polgun; 2049 Silas Deane Highway, Rocky Hill, CT;** this witness generally will address the common manner of communication between and among dentists and their dental assistants; the estimated duration of direct examination is approximately one-half hour.

**15. Dr. Steven M. Balloch or his personnel agent; 300 Hebron Avenue, Glastonbury, CT;** this witness generally will address the plaintiff's employment experience with his office; the estimated duration of direct examination is one-half hour.

**16. Dr. Abbas Mohammadi; 115 South Farms Drive, Manchester, CT;** this witness generally will address the employment policies of the defendant and efforts to address the plaintiff's concerns; the estimated duration of direct examination is approximately one hour.

10. **DEPOSITION TESTIMONY**

Plaintiff presently does not expect a witness to testify by deposition in lieu of testifying at trial. Should a witness become unavailable to testify at trial whether in court or remote via live feed, then plaintiff will secure that witness' trial deposition testimony.

Plaintiff will designate portions of Dr. Stanko's, Ms. Johnson's and Ms. Ochrim's deposition testimony and offer those designations into evidence as part of plaintiff's case-in-chief pursuant to Fed.R.Civ.P. 32(a)(1)(B) and 32(a)(3).

The defendant anticipates offering the testimony of the following witnesses by deposition or excerpts thereof, depending on the actual trial dates:

1. Dr. J. Robert Stanko by way of audiovisual and stenographic deposition; and

2. Yolanta Ochrim by way of pages 8-10, 12, 17-18, 22-25, 30-31, 42, and 55-62 of her stenographic deposition transcript.

11. **EXHIBITS**

**PLAINTIFF'S EXHIBITS**

**Plaintiff's Exhibit 1: Jameson email to Legault re: Stanko dated 03/06/17**

**Plaintiff's Exhibit 2: Johnson's typed notes re: Stanko's behavior**

**Plaintiff's Exhibit 3: Mohammadi email dated 06/24/19**

**Plaintiff's Exhibit 4: Text communications between plaintiff and Johnson (P168-171)**

**Plaintiff's Exhibit 5: Hartford Healthcare records (Larue)(P115-132)**

**Plaintiff's Exhibit 6: Certifications (P111-113)**

**Plaintiff's Exhibit 7: Stanko Deposition Excerpts**

**Plaintiff's Exhibit 8: Synan Deposition (ID only)**

**Plaintiff's Exhibit 9: Johnson Deposition Excerpts**

**Plaintiff's Exhibit 10: Johnson Deposition (ID only)**

**Plaintiff's Exhibit 11: Ochrim Deposition Excerpts**

**Plaintiff's Exhibit 12:   Ochrim Deposition (ID only)**

Plaintiff notes the following. Exhibits solely for impeachment purposes have not been listed.   Demonstrative exhibits that cannot be created without the benefit of evidence being admitted at trial have not been listed.

**DEFENDANT'S EXHIBITS:**

**The defendant anticipates offering the following exhibits, although not necessarily in the following order:**

1.   Plaintiff's complete job application for the position subject of this action;

2.   Plaintiff's resume;

3.   Amended complaint dated November 17, 2018;

4.   Employment restriction agreement dated January 3, 2017;

5.   Defendant's written sexual harassment policy;

6.   Plaintiff's deposition transcript, or excerpts thereof, used in connection with cross-examination;

7.   Defendant's written record of plaintiff's personnel disciplinary history;

8. Defendant's suspension notice dated April 10, 2017;

9. Plaintiff's interrogatory responses dated March 22, 2019;

10. Dr. J. Robert Stanko audiovisual and stenographic deposition;

11. Yolanta Ochrim stenographic deposition transcript or excerpts thereof;

12. Actual burr;

13. Plaintiff's complete CHRO application dated January 3, 2018;

14. Plaintiff's 2017 federal income tax return;

15. Plaintiff's Dr. Balloch wage receipts;

16. Original complaint dated August 14, 2018;

17. Diagram of Rocky Hill branch office layout.

**12. ANTICIPATED EVIDENTIARY PROBLEMS/MOTIONS IN LIMINE**

Plaintiff anticipates an evidentiary problem regarding defendant's argument that other employees have not been sexually harassed in its workplace or have not reported sexual harassment. offering the testimony of all female employees who did not get sexually harassed as "evidence" that one particular woman was not sexually harassed. Any probative value the information holds is substantially outweighed by the unfair prejudice it would likely cause to the plaintiff.

The defendant files the attached motion in limine regarding the Jameson March 6, 2017 email correspondence.

**13. STIPULATIONS OF FACT AND LAW**

    A. **Stipulation of Uncontroverted Facts**

    See section 14(b)

    B. **Plaintiff's Statement of Contested Issues of Fact and Law**

    1. Was Ms. Champagne subjected to sexual harassment in defendant's workplace in violation of Title VII?

    2. Was Ms. Champagne constructively discharged?

    3. Did Ms. Champagne sustain harms and losses?

**14. TRIAL TO COURT/JURY**

    (a) <u>Court:</u> not applicable

    (b) <u>Jury:</u> stipulation of uncontroverted facts is as follows:

1. The defendant is a professional corporation with a principal place of business in Manchester, Connecticut.

2. The defendant hired the plaintiff as a dental assistant in August, 2016 at its Rocky Hill, Connecticut branch office.

3. Dr. J. Robert Stanko is male.

4. The defendant employed Jolanta Ochrim.

    (1) Proposed Voir Dire Questions:

    Plaintiff has filed with the court a list of questions to be submitted to the jury panel.

    Defendant's proposed list of questions to be submitted to the jury panel are as follows:

a. The court should inquire if any of the veniremen recognize the names of, or have had any type of relationship with, the parties, their counsel and their potential witnesses. Otherwise, the following inquiries may be appropriate.

b. Have you ever filed a complaint with the state Commission on Human Rights and Opportunities (CHRO) or federal Equal Employment Opportunities Commission (EEOC)? If so, explain details, specifically: (1) the date of such filing; (2) the names and addresses of all other parties; (3) the basis of the claim, such as sex discrimination, age discrimination, sexual harassment, and so forth; (4) the disposition or result of the claim.

c. Have you ever filed in state or federal court a lawsuit claiming any type of discrimination? If so, explain all details, specifically: (1) the date you brought the action; (2) the court where you brought it; (3) the names and addresses of all

**other parties; (4) the basis of the suit, such as sexual harassment or other theory; and (5) the disposition or result of the suit.**

       **d.   Have you ever worked in the human resources field? If so, explain: (1) the periods of time you were so employed; (2) your job title; (3) your precise job duties; and (4) the name and address of your employer or employers.**

       **e.   Have you ever worked in the field of civil rights advocacy? If so, explain: (1) the periods of time you were so employed; (2) your job title; (3) your job duties; (4) the name and address of your employer or employers; and (5) the types of civil rights matters on which you worked.**

       **f.   Have you ever served as a volunteer in the field of civil rights advocacy, including women's rights or in the MeToo movement? If so, explain: (1) the periods of time you were so involved; (2) your role as a volunteer; (3) the types of activities that you performed; (4) the name and address of the organization or entity for whom you performed such activities; and (5) the types of civil rights matters on which you worked.**

       **g.   Have you ever felt that you were the subject of any type of employment or gender-based discrimination? If so, explain the circumstances, including: (1) the type of discrimination, for example, sex, age, race, and so forth; (2) the date; (3) the name and address of the employer or alleged perpetrator; (4) whether you suffered any type of adverse employment action as a result of such discrimination; (5) whether you asserted any complaint regarding such feelings; and (6) the disposition of any such complaint.**

(2) **Proposed Jury Instructions:**

a. Plaintiff has filed with the court preliminary requests for jury instructions.

b. Defendant has filed with the court proposed jury instructions.

(3) **Jury Interrogatories/Proposed Verdict Form:**

Plaintiff has filed her proposed verdict form.

The defendant's proposed special verdict form is attached hereto. The defendant proposes utilizing the following jury interrogatories:

a. Do you find that the plaintiff was subjected to any sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature?

b. Do you find that such conduct was based on the plaintiff's gender?

c. Do you find that such conduct affected a term, condition or privilege of the plaintiff's employment?

d. Do you find that such conduct was discriminatory, intimidating, ridiculing or insulting, or was continuous and concerted?

e. Do you find that a reasonable person would find such conduct sexually hostile or abusive?

f. Do you find that the plaintiff herself subjectively considered the work environment to be sexually abusive?

    g. **Do you find that the plaintiff left her job because the work environment was so abusive and intolerable that a reasonable person would have been compelled to leave?**

    h. **Do you find that the defendant knew or reasonably should have known that the plaintiff was being sexually harassed and failed to take prompt reasonable steps to stop the conduct?**

    (4)    Proposed Case Statement

**Plaintiff's Proposed Case Statement:**

**This is a case arising out of Plaintiff Jennifer Champagne's employment with defendant Columbia Dental. Ms. Champagne claims that she worked in a hostile environment. Specifically, Ms. Champagne claims that she was sexually harassed by defendant's employee, John Stanko.**

**A federal law known as Title VII prohibits sexual harassment in the workplace. Title VII requires employers to maintain their workplaces free from sexual harassment.**

**Ms. Champagne claims that defendant violated Title VII because she was subjected to a hostile work environment based on sex. Ms. Champagne seeks money to compensate for her harms and losses caused by the sexual harassment.**

**Defendant denies the plaintiff's claim.**

**Defendant's Proposed Case Statement:**

**The plaintiff Jennifer Champagne is suing the defendant Columbia Dental, P.C. for alleged sexual harassment and creating an alleged hostile work**

environment, as a result of which the plaintiff claims that she was constructively discharged.

By /s/ James V. Sabatini
    James V. Sabatini, Esquire    CT 19899
    Sabatini and Associates, LLC
    One Market Square
    Newington, CT   06111
    Tel. No.:   860-667-0839
    Fax No.:   860-667-0867
    e-mail:   jsabatini@sabatinilaw.com

    **Attorney for Plaintiff**

**ELECTRONIC CERTIFICATE OF SERVICE**

    I hereby certify that on March 16, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ James V. Sabatini
    James V. Sabatini