## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JENNIFER CHAMPAGNE, | : | |
| Plaintiff, | : | Case No.:   3:18 cv 01390 (VLB) |
| vs. | : | |
| COLUMBIA DENTAL, P.C.., | : | |
| Defendant. | : | January 25, 2022 |

### PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Under Title VII, a prevailing party may recover a reasonable attorney's fee as part of her costs.   Plaintiff Champagne is a prevailing party under Title VII. Plaintiff now moves for attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k).   Plaintiff's Memorandum of Law, supporting affidavit and Exhibits are attached hereto.

Respectfully Submitted,

BY   /s/ James Sabatini
James V. Sabatini, Esq.   ct19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT   06111
T (860) 667-0839   Fax (860) 667-0867
email:   jsabatini@sabatinilaw.com

Attorney for Plaintiff

1

## ELECTRONIC CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ James V. Sabatini
James V. Sabatini

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JENNIFER CHAMPAGNE, | : | |
| Plaintiff, | : | Case No.:  3:18 cv 01390 (VLB) |
| vs. | : | |
| COLUMBIA DENTAL, P.C.., | : | |
| Defendant. | : | January 25, 2022 |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

**I.   INTRODUCTION**

On December 2, 2021, a jury returned a verdict in plaintiff's favor finding that the defendant subjected her to a hostile work environment based on sex and that defendant constructively discharged her.   On damages, the jury awarded $10,000.00 for emotional pain and suffering and $100,000.00 in punitive damages.

Defendant filed a post-verdict Motion for Judgment as a Matter of Law and for a New Trial.   Plaintiff objected to the defendant's post-verdict Motion.

On January 19, 2022, the Court denied defendant's post-verdict Motion.

**II.   FACTS**

Plaintiff commenced her Title VII action by first filing her claim with the Equal Employment Opportunities Commission (EEOC) on or about January 2, 2018.   The Complaint was filed on or about August 14, 2018.

The parties engaged in written discovery.   The parties took depositions. Defendant engaged in dispositive motion practice – filing a Motion to Dismiss

3

Plaintiff's Amended Complaint and filing a Motion for Summary Judgment. Plaintiff objected to both dispositive Motions. Plaintiff defeated defendant's attempts to dismiss the case.

The case then headed to jury trial.  The jury trial was delayed because of the COVID-19 pandemic.  Defendant engaged in motion in limine practice in advance of the trial.

The jury trial was hotly contested.  Defendant asserted a high volume of evidentiary objections.

On December 2, 2021, the jury rendered a plaintiff's verdict.  On liability, the jury found that plaintiff was subjected to a hostile work environment; that defendant knew or should have about the hostile work environment but failed to take appropriate action; and that plaintiff was constructively discharged.  On damages, the jury found that plaintiff suffered emotional pain and suffering and awarded her $10,000.00.  The jury further found that defendant acted with malice or reckless indifference to the plaintiff's right not to be discriminated against. The jury awarded punitive damages in the amount of $100,000.00.

Plaintiff's counsel has been practicing law in the State of Connecticut since September 1998 (twenty-four years).  His practice is entirely plaintiff's litigation work in two areas – employment rights and personal injury. Plaintiff' counsel's employment cases (discrimination, retaliation and harassment claims) represent about 70% of his current cases. He has been representing plaintiffs in employment cases since 2004.  Plaintiff's counsel is the managing member of his law firm.  Plaintiff's counsel has significant jury trial experience.  He has

tried at least twenty (20) cases to jury verdict. Plaintiff's counsel has tried multiple jury trials where the cases were resolved prior to verdict. Plaintiff's counsel has tried multiple bench trials to verdicts. Plaintiff's counsel has tried multiple arbitrations to judgment.

Plaintiff signed a fee agreement with her counsel. (Ex.1). The fee agreement provides for a retainer payment of $2,500.00. The remainder of the attorney's fee is contingent upon being successful by way of settlement or judgment. The fee agreement provides for the calculation of the fee as follows: 1/3 of the total amount recovered or the number of hours worked on the case times the attorney's hourly of $450.00 whichever yields the higher amount.

The accounting of plaintiff's counsel time spent working on this case is documented in the Client Ledger. (Ex.2). Plaintiff counsel's time total 113.00 hours. Plaintiff counsel's hourly rate in this case per the fee agreement is $450.00. (Ex.1). The 113.00 hours worked times the $450.00 hourly rate arrives at a total of $50,850.00.

III.   **LAW AND ARGUMENT**

    A.   **Lodestar Calculation Standard**

Under Title VII, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee ... as part of the costs." 42 U.S.C. § 2000e–5(k). The Court must determine a presumptively reasonable fee, based on a reasonable hourly rate and the number of reasonably expended hours. See, e.g., <u>Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr.</u>, 652 F.3d 277, 289–90 (2d Cir. 2011).

Both the Second Circuit Court and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir.2008); see also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 130 S.Ct. 1662, 1673, 176 L.Ed.2d 494 (2010). "While the lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error." Millea v. Metro-North R. Co., 658 F.3d 154, 166-67 (2d.Cir.2011)(reversing District Court's decision to award attorneys' fee as a proportion of the damages awarded in a FMLA claim and instructing the District Court to apply the lodestar).

To determine the reasonable number of hours and whether the requested compensable hours should be subject to reduction, the Court also considers "the degree of success obtained by the plaintiff," Barfield v. New York City Health & Hospitals Corp., 537 F.3d 132, 152 (2d Cir. 2008) (internal quotation marks and citation omitted), as well as the following factors:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the

client; and (12) awards in similar cases. U.S. Football League v. Nat'l Football League, 887 F.2d 408, 415 (2d Cir. 1989); see also McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 415 (2d Cir. 2010) (same).

B.     $450 Hourly Rate

The $450 hourly rate is reasonable. "Rates found reasonable by courts in this District for experienced civil rights attorneys appear to cluster in the $350–450 per hour range." Salama v. City of New York, No. 13 Civ. 9006, 2015 WL 4111873, at 2 (S.D.N.Y. July 8, 2015) (collecting cases). ("An hourly rate of $450 remains within the range of rates found reasonable for partners with twenty or more years of experience in this District."); Smart v. City of N.Y., No. 15-CV-1405, 2017 WL 933080, at 3 (E.D.N.Y. Feb. 17, 2017) ("In recent years, fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $450 for partners and $100 to $325 for associates in civil rights cases.").

In 2008, the Pappas v. Watson Wyatt & Co., No. 3:04cv304 (EBB), 2008 WL 45385 at 3 (D.Conn. Jan. 2, 2008) (awarding plaintiff's counsel Clark in Title VII action fees at $400 per hour based on her experience, even though "most New Haven firms specializing in defending employment suits bill partners' time at a rate of at least $350 per hour"). The awarding of an experienced plaintiff's counsel $400 per hour in 2008 supports an award of $450 per hour in this case.

It has been fourteen (14) years since the Pappas court held that the $400 hourly rate was reasonable. Costs for professional services including legal services have increased since 2008. It is further reason to find the $450 hourly rate to be reasonable.

### C. Fee Agreement

The fee agreement can aid in determining the reasonableness of the attorney's fee being requested. While an actual fee agreement may "provide a strong indication of what private parties believe is the reasonable fee to be awarded," such a billing arrangement by no means establishes the "ceiling" on a fee award. Crescent Publ'g Group, Inc. v. Playboy Enters., 246 F.3d 142, 151 (2d Cir.2001); see also Blanchard v. Bergeron, 489 U.S. 87, 93 (U.S.1989) ("The presence of a pre-existing fee agreement may aid in determining reasonableness .... [b]ut as we see it, a contingent-fee contract does not impose an automatic ceiling on an award of attorney's fees, and to hold otherwise would be inconsistent with the statute and [the] policy and purpose").

### D. Result Obtained

Plaintiff succeeded on all the issues she presented to the jury. Plaintiff sought compensatory damages and punitive damages from the jury. The jury awarded her both. "A typical formulation" of prevailing party status is that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278–79 (1st Cir.1978)).

### E. Level of Skill Required

The factual and legal issues presented in this case and in particular during the jury trial required a higher level of skill from the attorney. There were a large number of evidentiary objections raised by defense counsel and plaintiff

counsel's skill level successfully dealt with the objections. Plaintiff counsel's closing argument involved a higher level skill drawing upon his prior trial experience.

F. Reasonableness of the Hours Expended

The hours expended by plaintiff's counsel are reasonable. Plaintiff's level of experience and skill in employment law and trial work served to lower the number of hours worked on the case. Drafting jury instructions, outlining the opening statement, objecting to the motion to dismiss, preparing for cross-examinations of witnesses were performed with a level of efficiency because of plaintiff's counsel's experience.

IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for attorneys' fees should be granted and the fees awarded should total $50,850.00.


Respectfully Submitted,


BY  /s/ James Sabatini
    James V. Sabatini, Esq.   ct19899
    SABATINI AND ASSOCIATES, LLC
    1 Market Square
    Newington, CT   06111
    T (860) 667-0839   Fax (860) 667-0867
    email:   jsabatini@sabatinilaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JENNIFER CHAMPAGNE, | : |
| Plaintiff, | : Case No.: 3:18 cv 01390 (VLB) |
| vs. | : |
| COLUMBIA DENTAL, P.C.., | : |
| Defendant. | : January 25, 2022 |

### AFFIDAVIT OF JAMES SABATINI, ESQ.

I, James Sabatini pursuant to 28 U.S.C. § 1746, being first duly cautioned and sworn, and being more than eighteen years of age and competent to testify about the matters contained herein, hereby state as follows upon personal knowledge and information:

1. I am a member of Sabatini & Associates, LLC, the attorneys for Plaintiff, Jennifer Champagne.

2. This Affidavit is made in support of Plaintiff's Motion for Attorney's Fees.

3. Exhibit 1 is a true and accurate copy of the fee agreement.

4. Exhibit 2 is a true and accurate copy of the electronic Client Ledger that accounts for the attorney's time spent on this case.

5. I have been practicing law since September 1998.

6. I am the managing member of my law firm.

7. Approximately 70% of my current case load is employment – harassment, discrimination and retaliation claims.

1

8. I represent plaintiffs in employment cases and in personal injury cases.

9. I have tried at least twenty (20) cases to jury verdict.

10. I have tried multiple bench trials to verdict.

11. I have tried multiple arbitrations to judgment.

12. I have settled cases during the jury trial – after the jury has been empaneled and witness testimony has begun.

13. I believe that my experience and skill-level aided in receiving the plaintiff's verdict in this case.

14. I have been representing plaintiffs in employment cases since 2004.


James Sabatini

Sworn and subscribed to before me
this January 25, 2022

_____
Notary Public/~~Commissioner of the Superior Court~~
My Notary Commission Expires On:

Susan T. Melluzzo
Notary Public - Connecticut
My Commission Expires
February 28, 2023

3

# EXHIBIT 1

**SABATINI AND ASSOCIATES, LLC**
**ATTORNEYS AT LAW**

ONE MARKET SQUARE
NEWINGTON, CONNECTICUT 06111-2992

100 PEARL STREET, 14TH FLOOR
HARTFORD, CT 06103

TELEPHONE (860) 667-0839; FAX (860) 667-0867
EMAIL: sa@sabatinilaw.com

**FEE AGREEMENT**

1. **PARTIES**—I, _Jennifer Champagne_, (hereafter "the Client") retain the Law Firm of Sabatini and Associates, LLC (hereafter "Law Firm") to investigate, and if warranted, to represent the Client in a claim or claims against any party or parties arising out of the following:

_HWE; Gender Disc.; Sexual Harassment; Retaliation_

2. **FEES**—Retainer of $2,500.00. The Law Firm shall receive fees of 33 1/3% of the total recovered, whether by way of settlement or award, before deduction of liens, costs and expenses. The Client authorizes to the Law Firm to deduct said fees, liens, costs and expenses out of the monies received from said party or parties. If all or any part of the settlement or award is to be paid in installments (a "structured settlement") the fee shall be based upon the present cost of such settlement or award; all fees, liens, costs and expenses shall be paid from the first monies received. Workers' compensation cases are billed at twenty (20%) percent of any recovery.

It is agreed that this employment is on a contingency fee basis. If no recovery is made, the Client shall not owe any sum as attorneys' fees other than the $2,500.00.

  a.  Time shall nevertheless be kept on an hourly basis in the event that a recovery is made and attorneys' fees are awarded by statute or a court or as part of a settlement, then the law firm shall receive the amount as its legal fee, whichever is the greater of the two. The law firm's hourly rates are $450.00 for attorney and $125.00 for paralegal/assistant.

3. **COSTS AND EXPENSES**—Costs and expenses include court fees, investigation expenses, expert fees and all other disbursements incurred in the prosecution or settlement of this action. The Law Firm agrees to advance all out of pocket costs and expenses in connection with this litigation and bill the client. If no recovery is made, the Client shall be responsible for all out of pocket costs and expenses.

4. **SERVICES**—This fee agreement applies to all services rendered up to, and including, the award of damages by the trier of fact, but not to matters ancillary to the above claims, such as probate court proceedings, guardianships, post-trial hearings and appeals

5. **DISPUTES**—Any disagreements which arise between the Law Firm and the Client with respect to fees, costs, expenses and/or interest due, shall be settled by binding arbitration through the Connecticut Bar Association.

Dated at _Newington_, Connecticut this _2nd_ day of _May_, 2017.

THE CLIENT

_[signature]_

SABATINI AND ASSOCIATES, LLC

_[signature]_

# EXHIBIT 2

```
Jan/25/2022                             sabatini                                    Page: 1
                                      Client Ledger
                                       ALL DATES
 Date       Received From/Paid To     Chq#    |----- General -----|      Bld  |---------- Trust Activity ----------|
  Entry #   Explanation                Rec#    Rcpts      Disbs      Fees  Inv# Acc    Rcpts      Disbs    Balance
-----------------------------------------------------------------------------------------------------------------
-
9999   Champagne, Jennifer
  LGN17124       Jennifer Champagne v. Columbia Dental                         Resp Lawyer: JVS
May 17/2017    Lawyer: 2  1.00 Hrs X 450.00
    99542    Initial meeting with client                      450.00
Oct 25/2017    Lawyer: 2  1.00 Hrs X 450.00
    99543    Draft CHRO Affidavit                             450.00
Dec 28/2017    Lawyer: 2  1.00 Hrs X 450.00
    99544    Draft CHRO/EEOC Complaint                        450.00
Jul 24/2018    Lawyer: 2  2.00 Hrs X 450.00
    99545    Draft civil lawsuit                              900.00
Oct 12/2018    Lawyer: 2  0.25 Hrs X 450.00
    99546    Mot. Extension of Time [Mot.                     112.50
             Dismiss]
Oct 12/2018    Lawyer: 2  2.00 Hrs X 450.00
    99548    Draft Objection to Mot. to                       900.00
             Dismiss
Nov 17/2018    Lawyer: 2  1.00 Hrs X 450.00
    99547    Draft Amended Complaint                          450.00
Jan 14/2019    Lawyer: 2  2.00 Hrs X 450.00
    99549    Finalize Objection to Mot. to                    900.00
             Dismiss
Jan 16/2019    Lawyer: 2  1.00 Hrs X 450.00
    99550    Supp. Obj. Mot. to Dismiss                       450.00
Jan 18/2019    Lawyer: 2  0.50 Hrs X 450.00
    99551    Draft Rule 26F report                            225.00
Feb  4/2019    Lawyer: 2  0.50 Hrs X 450.00
    99552    Draft Rule 26F report                            225.00
Apr 30/2019    Lawyer: 2  1.00 Hrs X 450.00
    99553    Initial Disclosures                              450.00
May 21/2019    Lawyer: 2  3.00 Hrs X 450.00
    99554    Written Discovery Compliance                    1350.00
May 22/2019    Lawyer: 2  1.00 Hrs X 450.00
    99555    Written Discovery Compliance                     450.00
Jun 16/2019    Lawyer: 2  0.50 Hrs X 450.00
    99556    Plaintiff's depo. prep.                          225.00
Jun 17/2019    Lawyer: 2  3.00 Hrs X 450.00
    99557    Plaintiff's deposition                          1350.00
Jun 26/2019    Lawyer: 2  0.50 Hrs X 450.00
    99558    Prep. for Jameson deposition                     225.00
Jun 26/2019    Lawyer: 2  0.50 Hrs X 450.00
    99560    Prep. for Ochrim deposition                      225.00
Jun 26/2019    Lawyer: 2  0.50 Hrs X 450.00
    99562    Prep. for Stanko deposition                      225.00
Jun 27/2019    Lawyer: 2  2.50 Hrs X 450.00
    99559    Jemeson deposition                              1125.00
Jun 27/2019    Lawyer: 2  1.45 Hrs X 450.00
    99561    Ochrim deposition                                652.50
Jul  2/2019    Lawyer: 2  1.50 Hrs X 450.00
    99563    Stanko deposition                                675.00
Aug 27/2019    Lawyer: 2  0.25 Hrs X 450.00
    99564    Mot. Extension of Time                           112.50
```

```
              [Obj.Mot.Summary Judgment]
Sep  4/2019   Lawyer: 2  1.00 Hrs X 450.00
   99565    Draft Objection to Mot. for                450.00
            Summary Judgment
Sep  9/2019   Lawyer: 2  2.50 Hrs X 450.00
   99566    Draft Objection to Mot. for               1125.00
            Summary Judgment
Sep 26/2019   Lawyer: 2  3.00 Hrs X 450.00
   99567    Draft Objecion to Mot. for                1350.00
            Summary Judgment
Sep 26/2019   Lawyer: 2  2.00 Hrs X 450.00
   99568    Local Rule Statement [SJ]                  900.00
Sep 30/2019   Lawyer: 2  2.00 Hrs X 450.00
   99569    Finalize Objection to Mot. for             900.00
            Summary Judgment
Mar 15/2020   Lawyer: 2  0.50 Hrs X 450.00
   99570    Verdict Form                               225.00
Mar 15/2020   Lawyer: 2  2.00 Hrs X 450.00
   99571    Jury Instructions                          900.00
Mar 15/2020   Lawyer: 2  1.00 Hrs X 450.00
   99572    Jury Questions                             450.00
Mar 15/2020   Lawyer: 2  2.25 Hrs X 450.00
   99573    Joint Trial Memo                          1012.50
Mar 16/2020   Lawyer: 2  0.50 Hrs X 450.00
   99574    Objection to Def.'s Exhibit List           225.00
Jan 22/2021   Lawyer: 2  2.15 Hrs X 450.00
   99575    Reply to Def's Objection to                967.50
            Pl's Exhibit List
Mar 25/2021   Lawyer: 2  1.50 Hrs X 450.00
   99576    Draft 2021 Joint Trial Memo                675.00
Oct 30/2021   Lawyer: 2  3.00 Hrs X 450.00
   99593    Reading through potential juror           1350.00
            questionnaire responses
Nov  5/2021   Lawyer: 2  2.00 Hrs X 450.00
   99609    select jurors to be excused                900.00
Nov  6/2021   Lawyer: 2  1.00 Hrs X 450.00
   99596    Read through Pl's depo; Trial              450.00
            prep
Nov  6/2021   Lawyer: 2  1.00 Hrs X 450.00
   99597    Read through Jameson depo;                 450.00
            Trial prep
Nov  7/2021   Lawyer: 2  1.00 Hrs X 450.00
   99598    Read through Stanko depo; Trial            450.00
            prep.
Nov 10/2021   Lawyer: 2  2.00 Hrs X 450.00
   99577    Opening Statement outlining &              900.00
            prep.
Nov 10/2021   Lawyer: 2  3.50 Hrs X 450.00
   99578    Outlining Pl's direct exam.               1575.00
Nov 13/2021   Lawyer: 2  2.00 Hrs X 450.00
   99579    Outlining Jameson cross exam.              900.00
Nov 14/2021   Lawyer: 2  1.45 Hrs X 450.00
   99580    Outlining Stanko cross exam.               652.50
Nov 14/2021   Lawyer: 2  1.00 Hrs X 450.00
   99581    Adding to Pl's direct exam.                450.00
            outline
Nov 15/2021   Lawyer: 2  0.50 Hrs X 450.00
   99584    APRN exam outline                          225.00
```

```
Nov 15/2021   Lawyer: 2  2.00 Hrs X 450.00
    99595   Prepare client for trial                           900.00
            testimony
Nov 16/2021   Lawyer: 2  4.45 Hrs X 450.00
    99599   Jury selection; Trial                             2002.50
Nov 17/2021   Lawyer: 2  0.50 Hrs X 450.00
    99582   Adding to Jameson cross outline                    225.00
Nov 17/2021   Lawyer: 2  0.50 Hrs X 450.00
    99583   Adding to Stanko cross outline                     225.00
Nov 17/2021   Lawyer: 2  0.45 Hrs X 450.00
    99585   Outlining Ochrim cross exam                        202.50
Nov 17/2021   Lawyer: 2  1.00 Hrs X 450.00
    99586   Cross exam of Stanko                               450.00
Nov 18/2021   Lawyer: 2  5.30 Hrs X 450.00
    99600   Trial                                             2385.00
Nov 19/2021   Lawyer: 2  5.30 Hrs X 450.00
    99601   Trial                                             2385.00
Nov 20/2021   Lawyer: 2  1.50 Hrs X 450.00
    99587   Drafting outline of closing                        675.00
            argument
Nov 22/2021   Lawyer: 2  0.50 Hrs X 450.00
    99602   Trial                                              225.00
Nov 23/2021   Lawyer: 2  0.25 Hrs X 450.00
    99603   Notice efiled Covid Test                           112.50
Nov 27/2021   Lawyer: 2  2.00 Hrs X 450.00
    99588   Preparing to close - closing                       900.00
            outline
Nov 28/2021   Lawyer: 2  1.00 Hrs X 450.00
    99589   Rehearsing closing argument                        450.00
Nov 29/2021   Lawyer: 2  1.00 Hrs X 450.00
    99590   Charging conference                                450.00
Nov 29/2021   Lawyer: 2  4.45 Hrs X 450.00
    99604   Trial                                             2002.50
Nov 30/2021   Lawyer: 2  2.50 Hrs X 450.00
    99605   Trial                                             1125.00
Nov 30/2021   Lawyer: 2  3.50 Hrs X 450.00
    99610   Waiting on Jury Verdict                           1575.00
Dec  2/2021   Lawyer: 2  4.50 Hrs X 450.00
    99613   Waiting on Jury Verdict                           2025.00
Jan  9/2022   Lawyer: 2  4.00 Hrs X 450.00
    99607   Objection Mot. Set Aside Verdict                  1800.00
Jan 10/2022   Lawyer: 2  1.50 Hrs X 450.00
    99614   Objection Mot. Set Aside Verdict                   675.00

           |        UNBILLED           ||           BILLED            ||        BALANCES         |
TOTALS      CHE     + RECOV    + FEES    = TOTAL     DISBS    + FEES    + TAX   - RECEIPTS    = A/R     TRUST
PERIOD      0.00       0.00    50850.00   50850.00    0.00      0.00      0.00      0.00       0.00      0.00
END DATE    0.00       0.00    50850.00   50850.00    0.00      0.00      0.00      0.00       0.00      0.00

           |        UNBILLED           ||           BILLED            ||        BALANCES         |
FIRM TOTALS  CHE    + RECOV    + FEES    = TOTAL     DISBS    + FEES    + TAX   - RECEIPTS    = A/R     TRUST
PERIOD      0.00       0.00    50850.00   50850.00    0.00      0.00      0.00      0.00       0.00      0.00
END DATE    0.00       0.00    50850.00   50850.00    0.00      0.00      0.00      0.00       0.00      0.00
```