UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JENNIFER CHAMPAGNE, | : | |
| Plaintiff, | : | Case No.:  3:18 cv 01390 (VLB) |
| vs. | : | |
| COLUMBIA DENTAL, P.C.., | : | |
| Defendant. | : | October 2, 2023 |

## PLAINTIFF'S MOTION FOR APPELLATE ATTORNEYS' FEES

Under Title VII, a prevailing party may recover a reasonable attorney's fee as part of her costs.  Plaintiff Champagne is a prevailing party under Title VII.  A prevailing party under Title VII is entitled to recover her attorneys' fees including those fees defending the judgment on appeal.

After the jury verdict and before defendant-appellant filed the instant appeal, Plaintiff moved for attorneys' fees pursuant to 42 U.S.C. § 2000e–5(k). Plaintiff had applied for attorneys' fees in the amount of $50,850.00 based on the 113.00 hours of work Attorney James Sabatini spent on the case at the hourly rate of $450.00. On December 30, 2022, the District Court granted plaintiff's Motion for Attorneys' Fees [Docket No. 125].  The District Court awarded $50,850.00 in attorneys' fees. Judgment entered in favor of the plaintiff on March 30, 2022 [Docket No. 126].

Defendant appealed the District Court's judgment in favor of the plaintiff. Plaintiff opposed defendant's appeal. On September 18, 2023, the Second Circuit rejected defendant's appeal and affirmed the judgment of the District Court.

Plaintiff's Memorandum of Law and supporting Exhibits are attached hereto.

Respectfully Submitted,


BY   /s/ James Sabatini
James V. Sabatini, Esq.   ct19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT  06111
T (860) 667-0839  Fax (860) 667-0867
email:  jsabatini@sabatinilaw.com

Attorney for Plaintiff


## ELECTRONIC CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


/s/ James V. Sabatini
James V. Sabatini

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JENNIFER CHAMPAGNE, | : | |
| | : | |
| Plaintiff, | : | Case No.:  3:18 cv 01390 (VLB) |
| | : | |
| vs. | : | |
| | : | |
| COLUMBIA DENTAL, P.C.., | : | |
| | : | |
| Defendant. | : | October 2, 2023 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

**I.      INTRODUCTION**

On December 2, 2021, a jury returned a verdict in plaintiff's favor finding that the defendant subjected her to a hostile work environment based on sex and that defendant constructively discharged her.  On damages, the jury awarded $10,000.00 for emotional pain and suffering and $100,000.00 in punitive damages.

On December 30, 2022, the District Court granted plaintiff's Motion for Attorneys' Fees [Docket No. 125].  The District Court awarded $50,850.00 in attorneys' fees. Judgment entered in favor of the plaintiff on March 30, 2022 [Docket No. 126]. The judgment totaled $160,850.00.

Defendant appealed the District Court's judgment in favor of the plaintiff. Plaintiff opposed the appeal. On September 18, 2023, the Second Circuit rejected defendant's appeal and affirmed the judgment of the District Court.

3

## II. <u>FACTS</u>

Plaintiff's attorney expended time and effort defending the judgment on appeal.

Plaintiff signed a fee agreement with her counsel. (Ex.1). The fee agreement provides for a retainer payment of $2,500.00. The remainder of the attorney's fee is contingent upon being successful by way of settlement or judgment. The fee agreement provides for the calculation of the fee as follows: 1/3 of the total amount recovered or the number of hours worked on the case times the attorney's hourly of $450.00 whichever yields the higher amount.

The accounting of plaintiff's counsel time spent working on defending judgment on appeal is documented in the Client Ledger. (Ex.2). Plaintiff counsel's time totals 37.4 hours. Plaintiff counsel's hourly rate in this case per the fee agreement is $450.00. (Ex.1). The 37.4 hours worked times the $450.00 hourly rate arrives at a total of $16,830.00.

## III. <u>LAW AND ARGUMENT</u>

### A. <u>Decision to Award Appellate Attorneys' Fees in the First Instance</u>

"Because the award of attorneys' fees may involve extensive factfinding and a large degree of discretion, a district court generally decides this issue in the first instance." *Cush-Crawford v. Adchem Corp.*, 234 F.Supp.2d 207, 209-210 (E.D.N.Y.2002), citing *Mikes v. Straus*, 274 F.3d 687, 704 (2d Cir.2001) (citing *Dague v. City of Burlington*, 976 F.2d 801, 803 (2d Cir.1991), rev'd in part on other grounds, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992)); *Woe v. Cuomo*, 729 F.2d 96, 108 (2d Cir.1984) (stating that the issue of appellate attorneys' fees in an action

4

challenging the constitutionality of care given to involuntarily committed mental patients in state hospital is more appropriately left to the discretion of the district court).

In *Dague*, the Second Circuit stated: "[B]arring unusual circumstances, when questions are presented such as the amount of recovery, the extent to which a plaintiff is a prevailing party, and what if any adjustment is to be given for delay in payment, determination of a reasonable attorney's fee under the fee-shifting statutes should normally be decided by the district court in the first instance." *Dague*, 976 F.2d at 803. Under the reasoning in *Dague*, the Court is responsible for deciding the issue of appellate attorneys' fees in the first instance. *Cush-Crawford v. Adchem Corp.*, 234 F.Supp.2d 207, 210 (E.D.N.Y.2002)(awarding appellate attorneys' fees to the plaintiff where the Second Circuit affirmed judgment in favor of the plaintiff in a Title VII action).

### B.     Timeliness

Plaintiff's appellate attorneys' fees application has been timely filed. Title VII has no specific limitation period for seeking attorneys' fees at the trial or the appellate levels. See 42 U.S.C. § 2000e–5(k). "Neither the Federal Rules of Appellate Procedure nor the Local Rules of the Second Circuit provide a specific limitation period to apply for appellate attorneys' fees." Id. at 210. Plaintiff is required to move for appellate attorneys' fees within a reasonable time after the entry of the Second Circuit's final judgment.  Plaintiff has done so.

5

### C. Entitlement to Appellate Attorneys' Fees

Title VII provides in pertinent part: "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fee) as part of the costs...." 42 U.S.C. § 2000e–5(k). In Cush-Crawford, the District Court found plaintiff to be a prevailing party because the Second Circuit affirmed the $100,000 punitive damage award. Id. at 212.

### D. Calculation of Attorneys' Fees

Both the Second Circuit Court and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir.2008); see also *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S.Ct. 1662, 1673, 176 L.Ed.2d 494 (2010). "While the lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error." *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166-67 (2d.Cir.2011)(reversing District Court's decision to award attorneys' fee as a proportion of the damages awarded in a FMLA claim and instructing the District Court to apply the lodestar).

To determine the reasonable number of hours and whether the requested compensable hours should be subject to reduction, the Court also considers "the degree of success obtained by the plaintiff," *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (internal quotation marks and citation omitted), as well as the following factors:

6

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 415 (2d Cir. 1989); see also *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 415 (2d Cir. 2010) (same).

### E. $450 Hourly Rate

The $450 hourly rate is reasonable. "Rates found reasonable by courts in this District for experienced civil rights attorneys appear to cluster in the $350–450 per hour range." *Salama v. City of New York*, No. 13 Civ. 9006, 2015 WL 4111873, at 2 (S.D.N.Y. July 8, 2015) (collecting cases). ("An hourly rate of $450 remains within the range of rates found reasonable for partners with twenty or more years of experience in this District."); *Smart v. City of N.Y.*, No. 15-CV-1405, 2017 WL 933080, at 3 (E.D.N.Y. Feb. 17, 2017) ("In recent years, fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $450 for partners and $100 to $325 for associates in civil rights cases.").

This District Court previously found the $450 hourly rate for Attorney James Sabatini reasonable.  Nothing has transpired since that finding to warrant a downward deviation of the $450 hourly rate.

### F. Fee Agreement

The fee agreement can aid in determining the reasonableness of the attorney's fee being requested. While an actual fee agreement may "provide a strong indication of what private parties believe is the reasonable fee to be awarded," such a billing arrangement by no means establishes the "ceiling" on a fee award. *Crescent Publ'g Group, Inc. v. Playboy Enters.*, 246 F.3d 142, 151 (2d Cir.2001); see also *Blanchard v. Bergeron*, 489 U.S. 87, 93 (U.S.1989) ("The presence of a pre-existing fee agreement may aid in determining reasonableness .... [b]ut as we see it, a contingent-fee contract does not impose an automatic ceiling on an award of attorney's fees, and to hold otherwise would be inconsistent with the statute and [the] policy and purpose").

### G. Result Obtained

Plaintiff succeeded on all the issues she presented to the jury. Plaintiff sought compensatory damages and punitive damages from the jury. The jury awarded her both. "A typical formulation" of prevailing party status is that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978)).

Plaintiff successfully defended her judgment on appeal.

**H.     Level of Skill Required**

Plaintiff's attorney has exhibited skill at the trial level.  Plaintiff's attorney exhibited skill at the appellate court level as the judgment was successfully defended.

**I.     Reasonableness of the Hours Expended**

The hours expended by plaintiff's counsel are reasonable.  The time expended on researching the legal issue raised by defendant in its appeal including the case law defendant cited to in its Brief was reasonable.  The time expended on drafting the Brief was reasonable.  The time expended preparing for oral argument before the Second Circuit was reasonable.

**IV.     CONCLUSION**

For the foregoing reasons, plaintiff's motion for appellate attorneys' fees should be granted and the fees awarded should total $16,830.00.

Respectfully Submitted,

BY   /s/ James Sabatini
James V. Sabatini, Esq.   ct19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT  06111
T (860) 667-0839
Fax (860) 667-0867
email:  jsabatini@sabatinilaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JENNIFER CHAMPAGNE, | : | |
| Plaintiff, | : | Case No.:   3:18 cv 01390 (VLB) |
| vs. | : | |
| COLUMBIA DENTAL, P.C.., | : | |
| Defendant. | : | October 2, 2023 |

### AFFIDAVIT OF JAMES SABATINI, ESQ.

I, James Sabatini pursuant to 28 U.S.C. § 1746, being first duly cautioned and sworn, and being more than eighteen years of age and competent to testify about the matters contained herein, hereby state as follows upon personal knowledge and information:

1. I am a member of Sabatini & Associates, LLC, the attorneys for Plaintiff,

   Jennifer Champagne.

2. This Affidavit is made in support of Plaintiff's Motion for Appellate Attorney's Fees.

3. Exhibit 1 is a true and accurate copy of the fee agreement.

4. Exhibit 2 is a true and accurate copy of the electronic Client Billing Spreadsheet that accounts for the attorney's time spent on this case.

5. I have been practicing law since September 1998.

6. I am the managing member of my law firm.

1

7. Approximately 70% of my current case load is employment – harassment, discrimination and retaliation claims.

8. I represent plaintiffs in employment cases and in personal injury cases.

9. I have tried more than twenty-one (21) cases to jury verdict.

10. I have tried multiple bench trials to verdict.

11. I have tried multiple arbitrations to judgment.

12. I have been successful on appeal in cases before the Second Circuit, the Connecticut Appellate Court and the Connecticut Supreme Court.

13. I have settled cases during the jury trial – after the jury has been empaneled and witness testimony has begun.

14. I believe that my experience and skill-level aided in receiving the plaintiff's verdict in this case and defending the judgment on appeal.

15. I have been representing plaintiffs in employment cases since 2004.


_____
James V. Sabatini

Sworn and subscribed to before me
on October 2, 2023.

_____
Susan T. Melluzzo
Notary Public - Connecticut
My Commission Expires:   02/29/2028

# EXHIBIT 1

**SABATINI AND ASSOCIATES, LLC**
**ATTORNEYS AT LAW**

ONE MARKET SQUARE
NEWINGTON, CONNECTICUT 06111-2992

100 PEARL STREET, 14TH FLOOR
HARTFORD, CT 06103

TELEPHONE (860) 667-0839; FAX (860) 667-0867
EMAIL: sa@sabatinilaw.com

**FEE AGREEMENT**

1. **PARTIES**—I, _Jennifer Champagne_, (hereafter "the Client") retain the Law Firm of Sabatini and Associates, LLC (hereafter "Law Firm") to investigate, and if warranted, to represent the Client in a claim or claims against any party or parties arising out of the following:

   _HWE; Gender Disc.; Sexual Harassment; Retaliation_

2. **FEES**—Retainer of $2,500.00. The Law Firm shall receive fees of 33 1/3% of the total recovered, whether by way of settlement or award, before deduction of liens, costs and expenses. The Client authorizes to the Law Firm to deduct said fees, liens, costs and expenses out of the monies received from said party or parties. If all or any part of the settlement or award is to be paid in installments (a "structured settlement") the fee shall be based upon the present cost of such settlement or award; all fees, liens, costs and expenses shall be paid from the first monies received. Workers' compensation cases are billed at twenty (20%) percent of any recovery.

   It is agreed that this employment is on a contingency fee basis. If no recovery is made, the Client shall not owe any sum as attorneys' fees other than the $2,500.00.

   a. Time shall nevertheless be kept on an hourly basis in the event that a recovery is made and attorneys' fees are awarded by statute or a court or as part of a settlement, then the law firm shall receive the amount as its legal fee, whichever is the greater of the two. The law firm's hourly rates are $450.00 for attorney and $125.00 for paralegal/assistant.

3. **COSTS AND EXPENSES**—Costs and expenses include court fees, investigation expenses, expert fees and all other disbursements incurred in the prosecution or settlement of this action. The Law Firm agrees to advance all out of pocket costs and expenses in connection with this litigation and bill the client. If no recovery is made, the Client shall be responsible for all out of pocket costs and expenses.

4. **SERVICES**—This fee agreement applies to all services rendered up to, and including, the award of damages by the trier of fact, but not to matters ancillary to the above claims, such as probate court proceedings, guardianships, post-trial hearings and appeals

5. **DISPUTES**—Any disagreements which arise between the Law Firm and the Client with respect to fees, costs, expenses and/or interest due, shall be settled by binding arbitration through the Connecticut Bar Association.

Dated at _Newington_, Connecticut this _2nd_ day of _May_, 20_17_.

THE CLIENT

_/s/ Jen Cham_

SABATINI AND ASSOCIATES, LLC

# EXHIBIT 2

## Jennifer Champagne v. Columbia Dental, P.C.  [LGN-17-124]

| Date | Client | Hourly Rate | Hours | Total | Services |
|---|---|---|---|---|---|
| 6/13/2022 | Champagne, Jennifer | $450.00 | 0.5 | $225.00 | CAMP prep. |
| 6/14/2023 | Champagne, Jennifer | $450.00 | 1 | $450.00 | CAMP |
| 9/10/2022 | Champagne, Jennifer | $450.00 | 1 | $450.00 | Review Def's Brief |
| 11/19/2022 | Champagne, Jennifer | $450.00 | 2 | $900.00 | Brief drafting |
| 11/19/2022 | Champagne, Jennifer | $450.00 | 1.25 | $562.50 | Legal Research |
| 11/20/2022 | Champagne, Jennifer | $450.00 | 1.5 | $675.00 | Brief drafting |
| 11/21/2022 | Champagne, Jennifer | $450.00 | 3.25 | $1,462.50 | Brief drafting |
| 11/25/2022 | Champagne, Jennifer | $450.00 | 2.5 | $1,125.00 | Legal Research |
| 11/25/2022 | Champagne, Jennifer | $450.00 | 1.5 | $675.00 | Brief drafting |
| 11/26/2022 | Champagne, Jennifer | $450.00 | 1 | $450.00 | Legal Research |
| 11/26/2022 | Champagne, Jennifer | $450.00 | 3.5 | $1,575.00 | Brief drafting |
| 11/27/2022 | Champagne, Jennifer | $450.00 | 3.75 | $1,687.50 | Brief drafting |
| 11/28/2022 | Champagne, Jennifer | $450.00 | 2 | $900.00 | Brief drafting |
| 11/29/2022 | Champagne, Jennifer | $450.00 | 4 | $1,800.00 | Brief drafting |
| 11/30/2022 | Champagne, Jennifer | $450.00 | 2.5 | $1,125.00 | Brief drafting |
| 11/30/2022 | Champagne, Jennifer | $450.00 | 1 | $450.00 | Proof reading brief |
| 11/30/2022 | Champagne, Jennifer | $450.00 | 0.5 | $225.00 | Final formating of brief |
| 9/11/2023 | Champagne, Jennifer | $450.00 | 3 | $1,350.00 | Outline oral argument & review briefs |
| 9/11/2023 | Champagne, Jennifer | $450.00 | 1 | $450.00 | Practice argument |
| 9/12/2023 | Champagne, Jennifer | $450.00 | 0.5 | $225.00 | Oral Argument |
| 9/18/2023 | Champagne, Jennifer | $450.00 | 0.15 | $67.50 | Read 2nd Circuit Decision |
| | | | **37.4** | **$16,830.00** | **Total Hours/TOTAL** |